UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 24-15 |
| DAVID AGYEMANG | SECTION "R" |

### ORDER AND REASONS

Before the Court is defendant David Agyemang's opposed motion for reconsideration and reduction of sentence.[1] For the following reasons, the Court denies defendant's motion for reconsideration and reduction of sentence.

### I. BACKGROUND

On January 26, 2024, the Government charged Agyemang with one count of mail fraud under 18 U.S.C. § 1341 for his participation in a scheme to defraud state unemployment offices.[2] Agyemang pleaded guilty with a plea agreement on February 28, 2024.[3] The U.S. Probation Office filed a Presentence Investigation Report ("PSR") on June 18, 2024, determining that, under the U.S. Sentencing Guidelines, Agyemang had a total offense

---

[1]  R. Doc. 66.
[2]  R. Doc. 40.
[3]  R. Doc. 51.

level of 22 and a criminal history category of I, resulting in an advisory guidelines range of 41 to 51 months of incarceration and 1 to 3 years of supervised release.[4] No party objected to the PSR. On June 26, 2024, the Court sentenced Agyemang to 46 months' incarceration with the Bureau of Prisons with one year of supervised release and $294,532 in restitution.[5] Thirteen days later, Agyemang now moves for reconsideration and reduction of sentence.[6] The government opposes.[7]

## II.   LAW AND ANALYSIS

Agyemang seeks reconsideration to reduce his sentence under either under the Court's "common law jurisdiction to hear a motion to reconsider," or under 18 U.S.C. § 3582(c)(1)(B), which authorizes the Court to modify a sentence pursuant to Rule 35 of the Federal Rule of Criminal Procedure.[8] Neither of these proposed methods for review would permit the Court to reconsider and reduce defendant's sentence.

First, although the Court "has common law jurisdiction to hear a motion to reconsider," Fifth Circuit "precedent makes clear that the general rule does not apply in the sentencing context in light of Congress's limit to

---

| | |
|---|---|
| 4 | R. Doc. 58. |
| 5 | R. Doc. 64. |
| 6 | R. Doc. 66. |
| 7 | R. Doc. 67. |
| 8 | R. Doc. 66-1 at ¶ 4. |

the circumstances in which a district court can modify a sentence of imprisonment." *United States v. Hoffman*, 70 F.4th 805, 811 (5th Cir. 2023). The Court's "authority to correct or modify a sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582(b)." *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997); *see also United States v. Landry*, 111 F. App'x 777, 778 (5th Cir. 2004) (affirming the denial of a "common law" motion to reconsider a sentence because a "district court may modify the imposed term of imprisonment under limited circumstances"). The Court therefore cannot modify Agyemang's sentence pursuant to any common law authority.

Second, the Court lacks jurisdiction to act upon Agyemang's 35(a) motion as fourteen days have elapsed after his sentencing on July 26, 2024. *See United States v. Lopez*, 26 F.3d 512, 520 (5th Cir. 1994) (holding that a district court lacked jurisdiction to modify a sentence pursuant to Rule 35 outside Rule 35's explicit time frame); *see also United States v. Hafeez,* 2013 WL 4501065, at *2 (E.D. La. Aug. 21, 2013) (Lemmon, J.) (same)

## III. CONCLUSION

Accordingly, the Court lacks jurisdiction to act upon Agyemang's motion for reconsideration and reduction of sentence, and the motion is DENIED.

New Orleans, Louisiana, this __11th__ day of July, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE